GMH GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHARLES BLACKWELL**,

Plaintiff,

v.

**RICHARD SOLLARS**,
Mayor of Taylor,

Defendant.

Case No. 21-cv-10921
Hon. Linda V. Parker

Charles Blackwell
*Plaintiff, Pro Se*
22655 Fairmont Dr., Apt. 102
Farmington Hills, MI 48335
cblack618@gmail.com

John C. Clark (P51356)
Geoffrey S. Wagner (P70839)
*Attorneys for Defendant*
GIARMARCO, MULLINS & HORTON, P.C.
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084
(248) 457-7000; Fax: (248) 457-7001
jclark@gmhlaw.com
gwagner@gmhlaw.com

**DEFENDANT RICHARD SOLLARS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

GMH GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

## TABLE OF CONTENTS

INDEX OF AUTHORITIES .......... ii

COUNTER-STATEMENT OF THE ISSUE PRESENTED .......... iv

CONTROLLING AUTHORITIES .......... v

COUNTER-STATEMENT OF MATERIAL FACTS .......... 1

APPLICABLE LEGAL STANDARDS .......... 2

ARGUMENT .......... 4

I. **PLAINTIFF HAS FAILED TO ESTABLISH THAT HE IS ENTITLED TO THE 'EXTRAORDINARY' REMEDY OF INJUNCTIVE RELIEF** .......... 4

RELIEF REQUESTED .......... 10

GMH GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW

**INDEX OF AUTHORITIES**

**Cases**

*Altman v. McKee*, 2009 WL 891707, * 7; No. 1:07-CV-1251 (W.D. Mich. 2009) ....................5

*Biden v. Knight First Amdt. Inst. at Columbia Univ.*, 141 S. Ct. 1220 (2021) ....................v, 5

*Binay v. Bettendorf*, 601 F.3d 640 (6th Cir. 2010) ....................4

*Davis v. Johnson*, 26 F.Supp.3d 665 (E.D. Mich. 2014) .................... 2, 3, 5

*Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019) ....................7

*Dickerson v. McClellan*, 101 F.3d 1151 (6th Cir. 1996) ....................4

*Elrod v. Burns*, 427 U.S. 347 (1976) ....................8

*Hyman v. Kirksey*, 2019 WL 2323864, * 2; No. 3:18-cv-230 (E.D. Ark. 2019) ....................7, 8

*Knight First Amdt. Inst. at Columbia Univ. v. Trump, 928 F.3d 226 (2019)*....................5

*Leary v. Daeschner*, 228 F.3d 729 (6th Cir. 2014) ....................2, 5

*Malley v. Briggs*, 475 U.S. 335 (1986) ....................3

*McKercher v. Morrison*, 2019 WL 1098935, * 4; No. 18-cv-1054 (S.D. Cal. 2019) ....................7, 8

*Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th. Cir. 1991) ....................3

*Morgan v. Bevin*, 298 F. Supp. 3d 1003 (E.D. Ky. 2018) ....................6

*Mullenix v. Luna*, 136 S. Ct. 305 (2015)....................4

*N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999 (6th. Cir. 2006) ..3

*Novak v. City of Parma*, 932 F.3d 421 (6th Cir. 2019)........................... v, 6, 7, 8

*Pearson v. Callahan*, 555 U.S. 223 (2009).........................................................3

*Reichle v. Howards*, 132 S. Ct. 2088 (2011) .......................................................3

*Saucier v. Katz*, 533 U.S. 1942 (2001) ...............................................................4

**Rules**

Fed. R. Civ. P. 65 ....................................................................................... v, 1, 2

Fed. R. Civ. P. 65(b) .........................................................................................2

**Other Authorities**

19 FED. PROC., L. ED. § 47:60 (2021) ..............................................................2, 8

Barnard, *The Tweet Stops Here: Howe Politicians Must Address Emerging Freedom of Speech Issues in Social Media*, 88 UMKC L. Rev. 1019, 1036 (2020)..........................................................................................................9, 10

*The First Amendment and Local Government Use of Social Media*, 99 Jul. Mich. B.J. 30 (2020)..........................................................................7

GMH GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW

GMH GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW

## COUNTER-STATEMENT OF THE ISSUE PRESENTED

I. PLAINTIFF'S CLAIM IS BELIED BY THE PERTINENT CASELAW FROM THE SIXTH CIRCUIT COURT OF APPEALS AND THE U.S. SUPREME COURT; THEREFORE, SHOULD THIS COURT DENY HIS REQUEST FOR AN 'EMERGENCY TEMPORARY RESTRAINING ORDER'?

Defendant Sollars answers, "**Yes**."

Plaintiff answers, "**No**."

This Court should answer, "**Yes**."

GMH GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

**CONTROLLING AUTHORITIES**

- Fed. R. Civ. P. 65 (listing the requirements for injunctive relief).

- *Biden v. Knight First Amdt. Inst. at Columbia Univ.*, 141 S. Ct. 1220 (2021) (reversing the Second Circuit's decision 2019 decision in *Trump*, *infra*, and highlighting the unsettled/developing nature of the pertinent caselaw).

- *Novak v. Parma*, 932 F.3d 421 (6th Cir. 2019) (dismissing similar case on qualified immunity grounds given the lack of a "clearly established" body of caselaw *vis á vis* online speech).

GMH GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

## COUNTER-STATEMENT OF MATERIAL FACTS

A. THE COMPLAINT

Although it can hardly be said of the applicable *law*, the *facts* of this Sec. 1983 case are simple and undisputed. Plaintiff filed the instant lawsuit on April 26, 2021 (*See* ECF No. 1, Complaint, Page ID 1). In the Complaint, Plaintiff alleges that Defendant, Rick Sollars, violated his First Amendment rights by "blocking" him from commenting/posting on the "Rick Sollars for Taylor" Facebook page.[1] (*Id*. at 7-9, Page ID 7-9). As a result of the alleged constitutional violation(s), Plaintiff seeks an award of injunctive relief; compensatory damages; nominal damages; and costs/attorney fees. (*Id*. at 11-2, Page ID 11-12).

B. THE MOTION FOR TRO

Plaintiff filed the instant Motion on May 4, 2021 (*See* Emergency Motion for TRO, ECF No. 4, Page ID 21). Pursuant to Fed. R. Civ. P. 65, he seeks an Order that "unblocks" him from Defendant's Facebook page and, in turn, "restore[s] Plaintiff's commenting privileges." (*Id*. at 14, Page ID 34). As explained at greater length *infra*, Defendant maintains that the applicable caselaw weighs strongly *against* Plaintiff's request for injunctive relief.

[1] Sollars, who has served as the City of Taylor's Mayor since 2013, is currently running for reelection. (*Id*.).

GMH GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW

## APPLICABLE LEGAL STANDARDS

FED. R. CIV. P. 65

It is well-settled that an injunction is an "extraordinary remedy," which should only be granted when the circumstances of a given case "clearly demand it." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2014). When evaluating whether to grant a TRO, a District Court must adhere to the requirements of Fed. R. Civ. P. 65. Rule 65 states, in pertinent part, that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) ***it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damages will result*** to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing that efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice not be required.

Fed. R. Civ. P. 65(b) (emphasis added). Contrary to what Plaintiff suggests in his Brief, First Amendment cases are *not* exempt from the requirements of the above Rule. *Id.; See also Davis v. Johnson,* 26 F.Supp.3d 665, 677 (E.D. Mich. 2014) (applying Rule 65 to a similar request for injunctive relief); 19 FED. PROC., L. ED. § 47:60 (2021) ("the fact that an applicant for injunctive relief asserts First Amendment rights does *not* automatically require a finding of irreparable injury").

When evaluating a Motion filed pursuant to Rule 65, the Court must

GMH GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW

consider: (**1**) whether the movant has a strong likelihood of success on the merits; (**2**) whether the movant would suffer irreparable injury absent a TRO; (**3**) whether granting the TRO would cause substantial harm to others; and (**4**) whether the public interest would be served by granting the TRO. *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th. Cir. 2006). Notably, the above factors are "interrelated considerations that must be balanced together," not independent prerequisites. *Id*. (citing *Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th. Cir. 1991)). In First Amendment cases, "the likelihood of success on the merits often will be the determinative factor." *Davis, supra* at 677.

QUALIFIED IMMUNITY

The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A "clearly established" right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2011). Ultimately, the doctrine is designed to protect "all but the plainly incompetent who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

GMH GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW

Qualified immunity is an *absolute* defense to § 1983 claims. *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010). In passing on a given qualified immunity defense, the Court must determine: (1) whether "the facts alleged show the officer's conduct violated a constitutional right"; and (2) whether that right was "clearly established." *Mullenix v. Luna*, 136 S. Ct. 305, 313 (2015); *Saucier v. Katz*, 533 U.S. 194, 201-202 (2001). These questions can, and *should*, be answered by the Court as a matter of law. *See Dickerson v. McClellan*, 101 F.3d 1151, 1157 (6th Cir. 1996).

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO ESTABLISH THAT HE IS ENTITLED TO THE 'EXTRAORIDNARY' REMEDY OF INJUNCTIVE RELIEF.

The pertinent Rule 65 factors weigh strongly *against* a TRO being entered in this case. For ease of reference, Defendant will address each factor/argument in turn.

#### A. Plaintiff's Claims Are Barred By Qualified Immunity; Therefore, Defendant Is Likely To Prevail On The Merits.

Defendant Sollars is likely to prevail on the merits because he is entitled to qualified immunity as a matter of law. In the paragraphs that follow, Sollars will examine the pertinent caselaw and, in particular, the paucity of support for

GMH GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW

Plaintiff's various arguments.[2]

1. *The Second Circuit's Decision In The Trump Case Was Recently Vacated By The Supreme Court*.

Plaintiff relies, in large part, on the Second Circuit's decision in *Knight First Amdt. Inst. at Columbia Univ. v. Trump, 928 F.3d 226 (2019)* (*See* ECF No. 4, Plaintiff's Emergency Motion, p. 5, Page ID 25). That decision, however, was recently *vacated* by the U.S. Supreme Court. *See Biden v. Knight First Amdt. Inst. at Columbia Univ.*, 141 S. Ct. 1220 (2021) ("The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Second Circuit with instructions to dismiss the case as moot"). In addition, it bears mentioning that the Second Circuit's 2019 decision was *never* binding precedent in the first place. *See Altman v. McKee,* 2009 WL 891707, * 7; No. 1:07-CV-1251 (W.D. Mich. 2009) (explaining that decisions from *other* Circuits are "not binding on this court"). Finally, the Court should also take note of the thoughtful concurring opinion authored by Justice Thomas last month in *Biden, supra* at 1221, which highlights the immense "legal difficulty that surrounds digital platforms,"

[2] Since the "likelihood of success on the merits often will be the determinative factor" in First Amendment cases, *See Davis, supra* at 677, Plaintiff's failure to prevail on *this* prong is nothing short of *fatal* to his claim. *Id.; See also Leary, supra* at 739 ("The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion").

GMH GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW

including but not limited to Facebook.[3] *Id.*

In sum, Plaintiff's myopic reliance on the *Trump* case is completely misplaced.

2. *Plaintiff's Argument Is Belied By The Pertinent Caselaw From This Circuit And Beyond*.

Curiously, Plaintiff's Motion fails to mention the fact that the Sixth Circuit recently addressed the precise issue at hand. In *Novak v. City of Parma*, 932 F.3d 421 (6th Cir. 2019), the Court of Appeals dismissed a similar claim on qualified immunity grounds. There, plaintiff-citizen argued that the officer-defendants violated his First Amendment rights when they "deleted [plaintiff's] comments on the official police Facebook page." *Id*. at 433. Writing for a unanimous panel, Judge Thapar began his analysis by observing that, "when it comes to online speech, the law lags behind the times." *Id*. at 433-34. Consequently, "[the] Courts have not reached consensus on how First Amendment protections will apply to social media platforms." *Id*. at 434. The Court then proceeded to survey some of the disparate results that, to date, have been reached in cases of this ilk:

> Courts have not reached consensus on how First Amendment protections will apply to comments on social media platforms. So far, ***the courts that have considered the issue have taken <u>different</u> approaches***. See *Morgan v. Bevin*, 298 F. Supp. 3d 1003, 1012–13 (E.D. Ky. 2018)

[3] Incidentally, Justice Thomas also questioned whether a site like Twitter or Facebook could *ever* be a "government forum," when a "private company has *unrestricted* authority to do away with [same]." *Id*. (emphasis added).

GMH GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

> (denying preliminary injunction regarding the deletion of Facebook and Twitter comments in a case of first impression). *But see Davison v. Randall*, 912 F.3d 666, 687–88 (4th Cir. 2019) (holding that a government official violated the First Amendment by banning a critical constituent from a Facebook page).

*Id*. (emphasis added).

In light of the foregoing, the Court concluded that the officer-defendants were entitled to qualified immunity because plaintiff's right to "post or receive comments was ***not*** ***'beyond debate' at the time the officers deleted the comments***." *Id.; See also Hyman v. Kirksey,* 2019 WL 2323864, * 2; No. 3:18-cv-230 (E.D. Ark. 2019) (dismissing similar claim against defendant-mayor on qualified immunity grounds and observing that, "***[t]he law is still percolating***"); *McKercher v. Morrison,* 2019 WL 1098935, * 4; No. 18-cv-1054 (S.D. Cal. 2019) (dismissing similar claim against defendant-mayor on qualified immunity grounds and observing that, "***the constitutional limitations and the current state of the law . . . are in flux, significantly impacted by rapid technological developments and a lagging legal framework to address those technological changes***"); *Cf.* Anderson, *The First Amendment and Local Government Use of Social Media*, 99 Jul. Mich. B.J. 30 (2020) (examining the holdings of *Novak* and *Hyman* and observing that, "***the internet changes so rapidly that what courts say today may be obsolete tomorrow***").

Turning again to the instant case, *Nowak* and the other cases cited above

GMH GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW

are directly on point. Just like in each one of those decisions, when Plaintiff was "blocked" from commenting on Mayor Sollars' Facebook page, there was no *clearly* established constitutional right to post and/or comment on same. In fact, in light of recent cases like *Nowak*, *Hyman* and *McKercher supra*, the reality is that Mayor Sollars acted in a lawful and appropriate fashion when he "blocked" Plaintiff. Accordingly, given the relevant facts and law, Plaintiff's First Amendment claim against Mayor Sollars is barred by the doctrine of qualified immunity. *Id.*

B. **Plaintiff Will *Not* Suffer Irreparable Harm In The Absence Of A TRO**.

While Defendant Sollars remains confident that the arguments set forth above are sufficient to defeat the instant Motion, he will briefly comment on the remaining Rule 65 factors. To that end, Defendant realizes that, "the loss of First Amendment freedoms for even minimal periods" can, in the abstract, amount to irreparable harm. *Elrod v. Burns,* 427 U.S. 347, 373 (1976). At the same time, however, a First Amendment plaintiff still has the heavy burden of proving that his constitutional rights were, in fact, violated by the defendant(s). *See* 19 FED. PROC., L. ED. § 47:60 (2021) ("the fact that an applicant for injunctive relief asserts First Amendment rights does *not* automatically require a finding of irreparable injury"). And, for the reasons set forth *supra* in the preceding section of this Brief, Plaintiff has failed to make that essential showing in the instant case;

GMH GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW

therefore, his Motion should be denied.

### C. A Comparison Of The Relative Hardships Confirms There Is No Need for A TRO.

In terms of the relative hardships at play here, Plaintiff's Motion overlooks the important fact that he is *not* a resident of the City of Taylor; rather, per his *own* pleadings, Mr. Blackwell resides in the City of "Farmington Hills, MI." (*See* ECF No. 4, Plaintiff's Emergency Motion, p. 1, Page ID 21). Notably, even commentators who have been somewhat critical of the Federal Courts for deciding online-speech cases on qualified immunity grounds recognize/concede the following point, *viz.* a *constituent* is fundamentally different than an *outsider* who lacks the right to vote for a given issue/candidate/etc. *See* Barnard, *The Tweet Stops Here: Howe Politicians Must Address Emerging Freedom of Speech Issues in Social Media*, 88 UMKC L. Rev. 1019, 1036 (2020). As Barnard notes in his thoughtful law review article:

> Protecting the speech of constituents upholds the right in a way that promotes the best interests of the voters. ***This interest is encroached upon when voters from other states, or non-citizens from across the world, post uneducated or irrelevant claims that only serve to confuse and demonize actual voters***. For instance, years after the aftermath of her frustration with former Missouri Governor Eric Greitens, Patsy Roach said, '***I love my state. If you don't live [in Missouri], I don't want you talking bad about my Governor***.' Using this example, constituents of the Governor of Missouri do not want to hear the opinion of someone in upstate New York. The person in New York lives under different state laws and is

GMH GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

> likely not educated on the issues within Missouri, so ***outside comments on state legislation would only serve to confuse and alter the message of Missouri politicians***.

*Id*. (emphasis added). In short, while Defendant Sollars certainly has an interest in his own election, any interest Plaintiff has – i.e., as a non-voting outsider – in contributing to the dialogue surrounding same is tenuous at best. *Id*.

D. **The Public Interest Does Not Favor Plaintiff Either**.

In the spirit of brevity, Defendant Sollars states that the public interest factor favors him for the reasons set forth in the preceding section of this Brief. *See Barnard, supra* at 1036. On balance, Plaintiff has failed to carry his burden of proof under Fed. R. Civ. P. 65; therefore, his Motion should be denied.

**RELIEF REQUESTED**

For these reasons, Plaintiff's Emergency Motion for Temporary Restraining Order should be denied.

I certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller and 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

GMH GIARMARCO, MULLINS & HORTON, P.C. ATTORNEYS AND COUNSELORS AT LAW

**GIARMARCO, MULLINS & HORTON, P.C.**

By: */s/ Geoffrey S. Wagner*
JOHN C. CLARK (P51356)
GEOFFREY S. WAGNER (P70839)
Attorneys for Defendant
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084
(248) 457-7000; Fax: (248) 457-7001
jclark@gmhlaw.com
gwagner@gmhlaw.com

Dated: May 17, 2021

**CERTIFICATE SERVICE**

GEOFFREY S. WAGNER states that on the May 17, 2021, he did serve a copy of the foregoing document via the Court's electronic filing system, on the aforementioned date, which will send notification of such filing to the attorneys of record.

By: */s/ Geoffrey S. Wagner*
GEOFFREY S. WAGNER

Dated: May 17, 2021